## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In Re: GGS Enterprises, Inc. § | | Case No. 11-52724C |
| § | | |
| § | | |
| DEBTOR § | | Chapter 11 |

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 361, 362, 363, AND 364, (I) (A) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL, (B) AUTHORIZING THE POSTPETITION SALE OF ACCOUNTS RECEIVABLE, (C) GRANTING SECURITY INTERESTS AND/OR SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO THE POSTPETITION LENDER, AND (D) GRANTING ADEQUATE PROTECTION TO THE PREPETITION LENDER; AND (II) SCHEDULING A FINAL HEARING**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Debtor, GGS Enterprises, Inc., by and through its attorney of record and files this Emergency Motion for Interim and Final Orders Pursuant to 11 US.C. **§§** 361, 362, 363, 364, 503 and 507 (I)(A) Authorizing the Debtor to Use Cash Collateral, (B) Authorizing the Debtor to Obtain Postpetition Financing, (C) Granting Security Interests and/or Superpriority Administrative Expense Status to the Postpetition L enders, and (D) Granting Adequate Protection to the Prepetition Lender; and (II) Scheduling a Final Hearing; (the "Motion"), and in support of this Motion, the Debtor respectfully represents as follows:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A), (D), (M), (O).

2. On August 3, 2011 (the "Petition Date") the Debtor filed its voluntary petition pursuant to Chapter 11 of Title 11 of the U.S. Code. The Debtor continues to manage its business

and financial affairs as debtor-in-possession pursuant to § 1107(a) and 1108 of the Bankruptcy Code.

3. Before the Petition Date, Debtor obtained financing from Catalyst Finance L.P. (the "Prepetition Lender") through the factoring of its accounts receivable. As of the Petition Date the amount owed to the Prepetition Lender is $407,402.00. The loan is secured by a lien on the virtually all of the Debtor's assts, Including accounts receivable, contract rights, general intangibles, furniture, fixtures, and equipment (the "Prepetition Collateral").

4. Also before the Petition Date, the Internal Revenue Service (the "IRS") filed a Notice of Federal Tax Lien on the Debtor's assets. The amount stated on the Tax Lien is $175,767.00. The balance owed to the IRS is $208,881.00. The Debtor believes that prior to the attachment of the Tax Lien, all of its assets were pledged as collateral to secure financing with the Prepetition Lender. The amount owed to the Prepetition Lender ($407,402,00) exceeds the value of the Debtor's assets ($222,057.00). Therefore no equity exists in the Debtor's assets on which the Tax Lien could attach.

5. The Prepetition Lender and the Debtor have entered into discussions toward an agreement for postpetition credit to the Debtor. The Debtor seeks authority on an interim and final basis to (a) continue to sell its accounts receivables to the Prepetition Lender postpetition pursuant to the terms set forth in Exhibit "A" attached hereto; (b) to use the cash collateral ("Cash Collateral") of the Prepetition Lender; and (c) to grant liens, administrative claims and other adequate protection to the Prepetition Lender as more particularly set forth herein.

6. The Debtor respectfully requests authorization to use cash collateral and to sell its accounts receivable in order to pay overhead, operating expenses and ordinary course of business obligations that are necessary to maintain and preserve the going-concern value of the Debtor's

assets and businesses, and to administer the estate, including, but not limited to, using Cash Collateral or selling accounts receivable, as necessary, to pay (a) any pre-petition operating and other expenses approved by the Court, (b) the post-petition operations of the Debtor's business, and (c) all costs and expenses arising in connection with the administration of its estate. The Debtor also seeks authority to grant security interests and adequate protection as set forth below. Finally, the Debtor seeks to schedule a final hearing on this Motion.

7. Section 364(d) of the Bankruptcy Code provides that a debtor may obtain post-petition financing by granting a lien on property of the estate that is senior or equal to liens that already exist on such property, so long as the debtor provides adequate protection of the previous lienholder's interest in such property. In re *Swedeland Development Group, Inc*, 16 F.3d 552, 564 (3d Cir. 1994) (debtor must provide adequate protection to pre-petition secured creditor in order to obtain post-petition superpriority financing); *In re Crouse Group, Inc*, 71 B.R. 544, 549 (Bankr. E.D. Pa. 1987) (debtor must establish that the credit transaction is necessary to preserve the estate and the terms of the transaction are fair and reasonable).

8. Section 364(d) of the Bankruptcy Code provides:
(d)(1) The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if -
    (A) the trustee is unable to obtain such credit otherwise; and
    (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.
(2) In any hearing under this subsection, the trustee has the burden of proof on the issue of adequate protection.

9. The Debtor satisfies the requirements of section 364(d) of the Bankruptcy Code as the Debtor is unable to obtain credit otherwise. The Prepetition Lender is adequately protected, and the proposed financing is in the best interest of the estate. The Debtor seeks to grant a senior lien only upon the collateral of the Prepetition Lender, who have agreed to the

granting of such lien. Furthermore, as will be demonstrated below, the Prepetition Lender will be provided additional adequate protection during the Case.

10. The proposed sale of its accounts receivable is required to preserve and maintain the Debtor's going concern value and is, therefore, in the best interest of the Debtor's estate and creditors. The Debtor cannot survive without a continuing factoring arrangement post-petition. The availability of funds from continued factoring is necessary to provide working capital for the Debtor to continue paying the Debtor's suppliers and other vendors to give the customers the necessary confidence to continue ongoing relationships with the Debtor. Furthermore the Debtor requires the use of cash generated form its operations in order to continue to operate its business, to maintain a going concern value of the business and to insure that adequate funds are available for the normal and customary business expenses and operating needs.

11. The continued factoring is clearly for the benefit of the Debtor's estate and creditors. As set forth above, it is critical to maintaining the Debtor's operations and, thus, preserving and enhancing the Debtor's going concern value. With the additional liquidity provided by the continued factoring, the Debtor will be able to obtain goods and services in connection with its operations, thereby permitting the Debtor to generate revenues, pay its employees, and operate its business for the benefit of all parties-in-interest. By this Motion the Debtor moves the Court for an order authorizing the continuation of the factoring arrangement with the Prepetition Lender pursuant to the terms set forth in Exhibit "A".

12. The Debtor additionally requires immediate use of Cash Collateral in the amount set forth in the Interim Budget, including cash proceeds, to continue the operation of its business. Without such funds, the Debtor will not be able to pay costs and expenses, including, but not limited to, wages, salaries, rent, professional fees, general and administrative operating expenses,

delivery costs and others that arise in the administration of this case and in the ordinary course of the Debtor's business. Without authorization to use the Cash Collateral under section 363(c)(2)(B) of the Bankruptcy Code, the Debtor would be left without its primary source of working capital.

13. Absent the ability to use Cash Collateral as set forth in the Interim Budget, the Debtor will be forced to shut down all of its operations abruptly, which will negatively impact the value of its assets and eliminate any prospect for a distribution to unsecured creditors. The Debtor further believes that an abrupt shutdown will result in a severe and dramatic loss of collateral value, causing the Prepetition Lender to receive a drastically reduced value for the collateral securing the indebtedness under the preposition agreements.

14. The Debtor requests interim authorization to use Cash Collateral as set forth in the Interim Budget until a final order granting further use of cash collateral can be entered. The Debtor is without sufficient funds, other than Cash Collateral, to operate until a final hearing on this Motion can be held. The Debtor's inability to timely pay the costs and expenses set forth in the Interim Budget will result in immediate and irreparable harm to its assets. Because the Debtor's request for interim authorization seeks the use of only that amount of Cash Collateral as is necessary to avoid immediate and irreparable harm to the value of its assets pending a final hearing, its request complies with Rules 4001(b)(2) and 6003 of the Federal Rules of Bankruptcy Procedure.

15. The Debtor also requests that the Court authorize it to continue using Cash Collateral as set forth in the Interim Budget after a final hearing on this Motion.

16. The Debtor proposes to adequately protect the Prepetition Lender's interest in its Cash Collateral. The Debtor proposes to grant the Prepetition Lender replacement liens in its

Prepetition Collateral as set forth herein. Subject to prior perfected and unavoidable liens and security interests and to the extent of any decrease in the value of the Prepetition Lender's interest as a result of the Debtor's use of Cash Collateral, the Debtor proposes to grant the Prepetition Lender replacement liens upon: (a) all assets in which the Prepetition Lender held a validly perfected lien as of the Petition Date; (b) all property acquired by the Debtor after the Petition Date that is of the exact nature, kind or character of the Prepetition Collateral, including all accounts receivable; and (c) all cash and receivables that are the proceeds, product, offspring or profits of the Prepetition Collateral. The Debtor anticipates that those replacement liens will adequately protect the Prepetition Lenders for the use of Cash Collateral. The Debtor does seek an order modifying the automatic stay to the extent necessary to enable the Preposition Lenders to perfect any liens or replacement liens granted hereunder. Additionally, the Debtor proposes to grant the Prepetition Lender a lien on all postpetition accounts receivables, inventory and other assets to adequately protect the Prepetition Lender's interest in its Cash Collateral.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order (a) authorizing the continued factoring arrangement through the sale of accounts receivable to Catalyst Finance, L.P. pursuant to the terms set forth in Exhibit "A"; (b) authorizing, on an interim basis, the Debtor's use of Cash Collateral, (c) authorizing on a final basis the Debtor's use of Cash Collateral or scheduling a final hearing on this Motion; and (d) granting adequate protection to the Prepetition Lender as more particularly set forth herein and modifying the automatic stay to enable the Prepetition Lenders to perfect such liens, if necessary. The Debtor further requests that the Court grant it such other and further relief to which they may be justly entitled.

Respectfully submitted,

Law Office of David T. Cain
8610 N. New Braunfels Ave., Ste. 309
San Antonio, Texas 78217-6358
(210) 308-0388; (FAX) 341-8432

/s/ David T Cain
_____
David T. Cain
State Bar No. 03598800

## CERTIFICATE OF CONFERENCE

The undersigned certifies that David T. Cain, as proposed counsel for Debtor, has discussed with the office of the U.S. Trustee the potential filing of this case and these pleadings prior to filing this Motion. A copy of the pleadings will be delivered to the office of the U.S. Trustee, and counsel will work with the U.S. Trustee to resolve any issues or concerns raised by the U. S. Trustee with respect to the relief requested prior to the hearing on this Motion.

/s/ David T. Cain
_____
David T. Cain

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2011 a true and correct copy of the above and foregoing was served upon the following parties via electronic means as listed on the Court's ECF Noticing System or by regular first class mail:

GGS Enterprises, Inc.
7823 Marina Dr. Ste 2
San Antonio, Texas 78250

United States Trustee
P.O. Box 1539
San Antonio, TX 78295-1539

Allied Insurance
1100 Locust St.
Des Moines, IA 50391-1100

American Home Assurance Co.
c/o Warren, Drugan & Barrows
800 Broadway
San Antonio, Texas 78215

Attorney General of U.S.
Main Justice Bldg, Rm 5111
10th & Constitution Ave NW
Washington, DC 20530

Catalyst Financial Co.
1136 N. Kirkwood
Houston, TX 77043

Hill Country Electric Supply
3003 NE Loop 410, Ste 101
San Antonio, Texas 78218

HVM Technology
360 McKenna Ave.
New Braunfels, Texas 78130

Internal Revenue Service
300 E. 8th St, STOP 5022 AUS
Austin, Texas 78701

Internal Revenue Service
Special Procedures-Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

Sylvia S. Romo
Tax Assessor/Collector
P.O. Box 839950
San Antonio, TX 78283-3950

Texas Comptroller
111 E. 17th Street
Austin, TX 78774-0100

Texas Workforce Commission
Collection Section
TWC Building
Austin, TX 78778-0001

U.S. Attorney General
Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530

U.S. Attorney's Office
Attn: Bankruptcy
601 N. W. Loop 410, #600
San Antonio, TX 78216-5512

/s/ David T. Cain
_____
David T. Cain